13770

CROSSWELL & CO., INC., v. TOWN OF BISHOPVILLE

(172 S. E., 698)

Before STOLL, J., Lee, March, 1933.

*Mr. W. Stokes Houck,* for appellant, 

*Mr. R. E. Dennis,* for respondent, 

February 9, 1934.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

The plaintiff herein commenced suit against the defendant herein on March 28, 1933. The complaint alleged, amongst other things, that the plaintiff was a corporation organized under the laws of this State, having its principal place of business in the City of Sumter and was there engaged in the wholesale grocery business. It further alleged that it was the owner of several trucks which are used to deliver merchandise to various customers in about twenty-five towns in this State, including the Town of Bishopville, that said trucks made one or two visits a week to said town. It further alleged that on the 8th day of May, 1931, it was required to pay to the Town of Bishopville the sum of $35-.00 as a license to do business in said town and that a like sum was required of it for the year 1932. Both payments were made under protest, and this suit is to recover from the Town of Bishopville the sum of $70.00, together with interest on each payment at the rate of 7 per cent. per annum from the dates of payment.

Referring more definitely to the complaint, it was alleged therein that certain wholesale dealers having their principal places of business in the Town of Bishopville were not required to pay a like license fee and that the requirement for the plaintiff to make payment was an unconstitutional discrimination against it.

The complaint further alleged that the trucks owned by the plaintiff, which are used in delivering merchandise to the Town of Bishopville, are equipped with license plates showing the payment of all license fees required by the State of South Carolina.

It further alleged that it was not at any time during which the license tax was imposed engaged in any calling, business, profession, or occupation, in whole or in part, within the Town of Bishopville within the purview of said ordinance or the Constitution or statutes of this State.

Under these allegations, the plaintiff claimed that the license tax was unconstitutional, null, and void, and that, having paid the same under protest, the plaintiff was entitled to recover.

To this complaint the Town of Bishopville interposed a demurrer and sought a dismissal of the complaint upon the grounds that the complaint showed upon its face that the acts complained of constituted carrying on business within the Town of Bishopville and that the alleged failure on the part of the town to require resident wholesalers to pay a like license did not constitute a discrimination against the plaintiff.

In a formal order, no reason being given, the Circuit Judge sustained the demurrer, dismissed the complaint, and permitted the plaintiff to amend. From the order sustaining the demurrer, this appeal is taken.

There are four exceptions on the part of the appellant setting forth the following grounds of appeal:

First, the plaintiff was not engaged in business in the Town of Bishopville during the years in which the license for doing business was imposed.

Second, that the attempt on the part of the Town of Bishopville to impose this license is nothing more than an effort to require plaintiff to pay a certain sum for the use of the streets of the town.

Third, that the ordinance does not provide for a graduated tax as required by the Constitution of this State.

Fourth, that the ordinance discriminates against non-residents in favor of residents of the town, in that residents of the town are not subjected to the payment of this license.

These exceptions will be taken up in order for consideration.

In regard to the first exception, the very recent case of *Pee Dee Chair Co. v. City of Camden,* 165 S. C., 86, 162 S. E., 771, seems to be conclusive of the question. In that case the Court holds that a single delivery of chairs, with no showing that other deliveries were contemplated, did not constitute such doing of business as would subject the chair company to the payment of a license tax. While not definitely decided in that case that the continued shipment of chairs into the adjoining town would constitute doing business and thereby subject the company to the payment of the license fee, the conclusion is irresistible that such is the necessary holding of the Court. For more than two years the truck of the plaintiff had made one or two trips to Bishopville each week. The conclusion is inescapable that this is the doing of business in the town and that this exception cannot be sustained.

Exception 2 cannot be sustained for the reason that the imposition of a license tax for doing business is a right given municipalities by the Constitution. Section 5894 of the Code providing for the payment of an annual license by the owners of automobiles "in lieu of all other State, municipal or county licenses" applies to the ownership of the car or truck. It cannot, nor does it attempt to, deprive municipalities of their constitutional right to impose a license tax on the owner of the car or truck for doing

business even though the car or truck is used in the conduct of the business.

Exception 3 presents a ground which, if presented to the Court below, would have invited most serious consideration. However, it makes its first appearance as one of the exceptions. Not being alleged in the complaint and not being passed upon by the Circuit Judge, this Court is powerless to give it consideration. In *F. C. & P. Railroad v. City of Columbia*, 54 S. C., 266, 32 S. E., 408, 414, this Court held: "Again, it is contended that the license tax here in question was not graduated, as required by Section 6 of Article 8 of the present constitution. It is sufficient to say, in answer to this position, that there is no allegation in the complaint upon which such a point can be raised. This Court certainly will not assume, in the absence of any allegations to that effect, that the municipal authorities of the City of Columbia have failed to observe the requirements of the Constitution."

The fourth exception charges that the failure to impose a similar license upon dealers in the Town of Bishopville rendered the ordinance void as being a discrimination against outside dealers. While this exception is too general for consideration, it not appearing what statute or constitutional provision is violated, yet we will say that the merchant residing in another town may be placed in a different class from the local merchant and a different license tax imposed. It is said in 6 R. C. L., page 417, citing *Taggart v. Claypool*, 145 Ind., 590, 44 N. E., 18, 32 L. R. A., 586: "While there may be apparent discrimination, if, however, a statute treats all persons alike under like circumstances and conditions, it cannot be said to deprive anyone of the equal protection of the laws."

The judgment of the Circuit Court in sustaining the demurrer herein is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.