## INTERSTATE BUSSES CORPORATION *v.* BLODGETT ET AL.

### APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT.

No. 197.    Argued January 19, 20, 1928.—Decided February 20, 1928.

1. Where an application for an interlocutory injunction under Jud. Code, § 266, has been denied by a court of three judges and the bill is dismissed by that court on final hearing, the case is reviewable by direct appeal to this court. P. 249.
2. A state tax of one cent for each mile of highway traversed in the State by any motor bus used in interstate commerce, the proceeds of which are devoted to maintenance of public highways of the State, is not repugnant to the Commerce Clause of the Constitution, when not unreasonable in amount or discriminatory against interstate commerce. P. 249.
3. Such a charge, when reasonable in itself, is not to be deemed unreasonable because other taxes are imposed by the State on the same taxpayer for the use of its highways, if he fails to show that the aggregate charge is unreasonable. P. 251.
4. In addition to other taxes common to both classes, the owners of motor buses operated in interstate commerce pay in Connecticut, a tax of one cent for each mile of state highway traversed by each vehicle, but the owners of such vehicles engaged in intrastate commerce pay instead a tax on their gross receipts, the proceeds of both taxes being devoted to maintenance of highways. *Held* that a party complaining of the mileage tax does not establish discrimination against interstate commerce by the mere difference of the

taxes, but must prove that in actual practice the tax complained of falls with disproportionate economic weight upon him. P. 251.

5. Where relief from a state tax is sought upon the ground that it is unconstitutional, and it is held valid, it may be assumed that the complaining party will pay it, and the constitutional validity of the consequences imposed by the statute in case of non-payment need not be considered. P. 252.

19 F. (2d) 256, affirmed.

APPEAL from a final decree of the District Court of three judges dismissing a bill to restrain tax officials of Connecticut from levying a tax on the appellant based on its use of the state highways for interstate transportation of passengers in motor buses.

*Mr. Edward H. Kelly* for appellant.

Interstate transportation by motor vehicle is singled out for the imposition of a tax of one cent a mile. On that ground alone, the statute must be held to be unconstitutional. *Guy* v. *Baltimore,* 100 U. S. 434; *Brimmer* v. *Rebman,* 138 U. S. 78; *Voight* v. *Wright,* 141 U. S. 62; *Minnesota* v. *Barber,* 136 U. S. 320; *American Steel & Wire Co.* v. *Speed,* 192 U. S. 90; *Darnell* v. *Memphis,* 208 U. S. 113.

The provision of Part II of Chapter 254 of the Laws of 1925, directing suspension of registration of a vehicle whose owner is subject to the provisions of Part II, also effects a discrimination against interstate operators by reason of the different remedies imposed for the collection of the tax. *Chalker* v. *Birmingham,* 249 U. S. 526.

The provision for suspension of registration is invalid for the reason that it is not permissible for the mere collection of a tax, to obstruct, embarrass or impede interstate commerce. *Western Union* v. *Massachusetts,* 125 U. S. 530; *St. Louis & Southwestern R. R.* v. *Arkansas,* 235 U. S. 350; *Postal Telegraph Co.* v. *Adams,* 155 U. S. 688; *Leloup* v. *Mobile,* 127 U. S. 640; *Western Union* v.

*Alabama,* 132 U. S. 472; *Allen* v. *Pullman,* 191 U. S. 171; *Underwood* v. *Chamberlain,* 254 U. S. 113; *Pullman Co.* v. *Richardson,* 261 U. S. 330.

A State has no right to demand the waiver of any right or immunity guaranteed by the Constitution as a condition of itself granting a privilege, immunity or license. *Frost* v. *California,* 271 U. S. 583; *Western Union* v. *Kansas,* 216 U. S. 1.

In granting federal aid to the States in the construction of highways, Congress meant that such highways shall be open to interstate commerce. *Bush & Sons* v. *Maloy,* 267 U. S. 317. *Hendrick* v. *Maryland,* 235 U. S. 610; and *Kane* v. *New Jersey,* 242 U. S. 160, distinguished.

*Messrs. Benjamin W. Alling* and *S. Frederick Wetzler* were on the brief for appellees.

The tax is a charge for the privilege of using the roads of the State; and when imposed upon those using the roads in interstate commerce, does not thereby offend the Commerce Clause. *Clark* v. *Poor,* 274 U. S. 554; *Kane* v. *New Jersey,* 242 U. S. 160; *Hendrick* v. *Maryland,* 235 U. S. 610.

The Connecticut registration statute, when read in its entirety, is, in its essence, a police measure; but since there is included the imposition of fees and charges, creating a money yield, which is contemplated as exceeding the cost of. administration of the law, it partakes to that limited and incidental extent of a revenue measure. There is neither duplication nor superimposition of taxes. *Opinion of the Justices,* 250 Mass. 591.

The appellant has not sustained the burden of proving in this case the essential fact that the enforcement of the act actually operates to prejudice interstate commerce. *Hendrick* v. *Maryland, supra; Interstate Busses Corp'n* v. *Holyoke St. Ry. Co.,* 273 U. S. 45.

The purpose of such. legislation, now nation-wide, is to charge for the use and get reimbursement for damage, and the policy is to classify vehicles, and vary the tax, in accordance with the extent of such use and damage. *Kane* v. *New Jersey,* 81 N. J. L. 594; *Camas Stage Co.* v. *Kozer,* 104 Ore. 600; *Ex parte Schuler,* 167 Calif. 282; *Re Hoffert,* 34 S. D. 271; *State* v. *Kozer,* 242 Pac. 621; *Dohs* v. *Holm,* 152 Minn. 529; ·*Westfalls etc. Co.* v. *Chicago,* 280 Ill. 318; *Opinion of the Justices,* 250 Mass. 591; *Fisher Bros.* v. *Brown,* 111 Ohio St. 602; *Raymond* v. *Holm,* 206 N. W. 166; *Jasnowski* v. *Dilworth,* 191 Mich. 287.

The State may adjust its scheme of taxation to the possibilities of greater or lesser use; and may, though it is not obliged to, reduce the tax on the lesser use. *Kane* v. *New Jersey,* 242 U. S. 160.

The statute does not create an unconstitutional discrimination against interstate commerce, because of the difference in remedies for collection of the tax. *Hess* v. *Pawloski,* 274 U. S. 352; *Kane* v. *New Jersey, supra.*

There is no violation of the Commerce Clause on the ground that non-payment of the tax may result in suspension of registration of motor vehicles engaged in interstate commerce. *Kane* v. *New Jersey, supra; Hendrick* v. *Maryland, supra.*

Even though the suspension of registration provision of § 3, Part II, be regarded as violating the Commerce Clause, the rest of the statute is, nevertheless, unaffected. *Dorchy* v. *Kansas,* 264 U. S. 286.

The Connecticut statute is not invalidated as a violation of the Commerce Clause, because of the Federal Post Road and Highway Acts.

These laws do not take away from the State either its duty or its rights regarding the care and preservation of the highways. *Morris* v. *Duby,* 274 U. S. 135.

Mr. Justice Stone delivered the opinion of the Court.

The appellant, complainant below, is a Connecticut corporation engaged in the transportation of passengers in motor buses, exclusively in interstate commerce, between Connecticut and points in Massachusetts and Rhode Island. The present suit was brought in the district court for Connecticut to restrain appellees, tax officials of the state, from levying a tax on appellant under a Connecticut statute, Conn. Pub. Acts 1925, c. 254, on the ground that the tax is an unconstitutional burden on interstate commerce. Application to a court of three judges for an interlocutory injunction under Jud. Code § 266 was denied, 19 Fed. (2d) 256, and on final hearing the court dismissed the bill on the merits. The application for the preliminary injunction having been pressed to a determination before the court of three judges, the case is properly here on direct appeal from the final decree of that court. Jud. Code §§ 238, 266; *Smith* v. *Wilson,* 273 U. S. 388; *Clark* v. *Poor,* 274 U. S. 554.

The appellant has already complied with the general statutes of Connecticut requiring the registration of motor vehicles. Part II § 1 of the act in question imposes a tax of one cent for each mile of highway traversed by any motor vehicle used in interstate commerce "as an excise on the use of such highway." By Part II § 4 the proceeds of the tax are to be applied to the maintenance of public highways in the state.

Appellant objects to the tax as an infringement of the paramount power of Congress to regulate interstate commerce or at least as a discrimination against that commerce. It is not denied that a state may impose a registration or license fee on those using motor vehicles in the state, although engaged in interstate commerce, or that the state may impose a reasonable charge for the use of

its highways by motor vehicles so employed, *Hendrick* v. *Maryland,* 235 U. S. 610; *Kane* v. *New Jersey,* 242 U. S. 160; *Clark* v. *Poor, supra,* and there is no evidence that the tax here is in itself an unreasonable charge for the privilege. But it is said that the particular scheme of taxation adopted by Connecticut imposes this tax in addition to statutory charges already made for the use of the highways in interstate commerce, and both in purpose and in effect discriminates against appellant and in favor of those operating motor vehicles in intrastate commerce.

The state has adopted a system of financing its highway construction and maintenance under which about 80% of the cost is collected from fees for the registration of motor vehicles and for operators' licenses, from taxes on the sale of gasoline and from fines and penalties for violations of the motor vehicle laws. The balance of the cost is paid from general appropriations by the state legislature and a certain amount received under federal aid legislation. Appellant, it is conceded, pays certain taxes imposed alike on those engaged in intrastate and interstate commerce. These include a personal property tax upon its motor cars used in the state, a registration or license fee for each vehicle so used, and also, it is urged, a tax of two cents a gallon on the sale of gasoline within the state which in practice is absorbed by the consumer in the purchase price.

But no mileage tax like that imposed by Part II § 1 is levied upon those using motor vehicles in intrastate commerce. Instead, Part I, § § 2 and 3 of the act under discussion subject all companies engaged in intrastate motor bus transportation to an excise of 3% of their gross receipts less such taxes as they have paid locally on their "real and tangible personal estate." By Part I § 6 this excise is declared to be in lieu of all taxes on intangible personal property. Moreover, those who pay it are exempt

from the income tax of 2% imposed generally on corporations, including, apparently, the appellant. Conn. Gen. Stat., c. 73, as amended. It, like the mileage tax, is devoted to the maintenance of highways.

To show that the mileage tax is discriminatory appellant first points out the obvious differences between it and the gross receipts tax and, secondly, relies on an uncontradicted allegation in the bill of complaint that, apart from the mileage tax, it already contributes to the maintenance of the highways of the state in the same manner and to the same extent as others in the payment of the personal property tax, the license tax on buses and the shifted gasoline tax.

The two statutes are complementary in the sense that while both levy a tax on those engaged in carrying passengers for hire over state highways in motor vehicles, to be expended for highway maintenance, one affects only interstate and the other only intrastate commerce. Appellant plainly does not establish discrimination by showing merely that the two statutes are different in form or adopt a different measure or method of assessment, or that it is subject to three kinds of taxes while intrastate carriers are subject only to two or to one. We cannot say from a mere inspection of the statutes that the mileage tax is a substantially greater burden on appellant's interstate business than is its correlative, the gross receipts tax, on comparable intrastate businesses. To gain the relief for which it prays appellant is under the necessity of showing that in actual practice the tax of which it complains falls with disproportionate economic weight on it. *General Tank Car Corp.* v. *Day,* 270 U. S. 367; *Hendrick* v. *Maryland, supra; Interstate Busses Corp.* v. *Holyoke Street Ry.,* 273 U. S. 45, 51. The record does not show that it made any attempt to do so.

That appellant is already contributing to highway maintenance is not in itself significant, for the state does

not exceed its constitutional power by imposing more than one form of tax as a charge for the use of its highways in interstate commerce. It is for appellant to show that the aggregate charge bears no reasonable relation to the privilege granted.

It is further objected that the provision of the state statute, Part II § 3, authorizing the suspension of registration as a remedy for the nonpayment of the mileage tax, is invalid in any case, since payment of even a lawful tax may not be enforced by the exclusion of the taxpayer from interstate commerce. *Western Union Telegraph Co.* v. *Massachusetts,* 125 U. S. 530; *St. Louis & Southwestern R. R.* v. *Arkansas,* 235 U. S. 350. And it is not denied that appellees have threatened to invoke § 3 against appellant. But we need not consider here whether the principle relied on goes so far as to prevent a state from excluding from its highways a motor carrier which refuses to pay a charge for their use. Compare *Hendrick* v. *Maryland, supra; Kane* v. *New Jersey, supra; Clark* v. *Poor, supra.* Here the relief sought presupposes that the tax is unconstitutional. That point being determined against appellant we shall not assume that it will persist in its refusal to pay the tax.

Objections of less moment, which we have considered, do not require comment.

· <em>Affirmed.</em>