## ALKAZIN v. WELLS et al.
### No. 919.

District Court, S. D. Florida.

L. O. Casey and T. D. Ellis, Jr., both of Hollywood, Fla., and J. S. G. Gallagher, of Miami, Fla., for plaintiff.

Theo. T. Turnbull, of Tallahassee, Fla., for Railroad Commission of Florida.

Fred H. Davis, Atty. Gen., of Florida, for defendants.

Before WALKER, Circuit Judge, and DAWKINS and RITTER, District Judges.

WALKER, Circuit Judge.

This is an application for an interlocutory injunction restraining the institution or prosecution of any suit or proceeding to enforce against the plaintiff, his agents or employees, any provision of a Florida statute, enacted in the year 1929 (Laws 1929, c. 13700), and entitled:

"An Act Providing for the Supervision and Regulation of Persons, Firms, Corporations and Associations Owning, Controlling, Operating or Managing Motor Vehicles Used in the Business of Transporting Persons or Property for Compensation Over the Public Highways of the State; Defining Auto Transportation Companies and Providing Supervision and Regulation Thereof by the Railroad Commission of the State of Florida and Providing for the Enforcement of the Provisions of This Act and for the Punishment of Violations Thereof and Imposing a Mileage Tax and Providing for the Disposition of the Revenue Raised by the Same; and Repealing All Acts Inconsistent with the Provisions of This Act." Compiled General Laws of Florida, 1930 Supplement, p. 167 et seq.

The application was submitted on the bill and answer. From the bill it appears that the plaintiff is engaged in operating busses exclusively in the interstate transportation of passengers for hire from and to points in Florida to and from points in other states, in doing which he uses public roads and highways of the state of Florida, including federal-aid roads, and that he has not complied with and does not intend to comply with said statute or any of the provisions thereof, which are challenged on the grounds that they are violative of the commerce clause of the Constitution of the United States (article 1, § 8, cl. 3), of the Fourteenth Amendment to that Constitution, of the Federal Aid Act (40 Stat. 1189), and the Federal Highway Act (42 Stat. 212 [23 USCA §§ 1–25]). That statute includes provisions to the following effect: That, with exceptions not material in this case, no person or corporation owning or operating any motor-propelled vehicle not usually operated on or over rails, used in the business of transporting persons or property for compensation or as a common carrier over any public highway in the state of Florida between fixed termini or over a regular route, shall operate such motor vehicle for the transportation of persons or property for compensation on any public highway of the state without having obtained from the Railroad Commission of the state of Florida a certificate that the present or future public convenience and necessity requires or will require such operation; that written application, the contents of which are prescribed, shall be made for such certificate of public convenience and necessity; for the commission, at the time of granting such certificate, fixing the amount of a bond to be given by the applicant for the protection, in the case of a passenger vehicle, of the passengers and baggage carried, and of the public against injury caused by negligence of the operator of such vehicle; authorizing the commission to prescribe rules and regulations applicable to any and all operators of such motor-propelled vehicles; prescribing specified mileage taxes on such motor-propelled vehicles, and authorizing the collection from each holder of such certificate of the sum of $75 as an advance payment upon such mileage tax for the ensuing quarter, that amount to be credited to such holder, and the difference between that amount and the correct amount of such tax to be adjusted at the end of that quarter, such taxes being required to be used in constructing, maintaining, and repairing public roads; providing that "neither this Act nor any provision hereof shall apply or be construed to apply to commerce with foreign nations or commerce among the several States of the

906

union except insofar as the same may be permitted under the provisions of the Constitution of the United States and the Acts of Congress," and that "if any section, sub-section, sentence, clause or phrase of this law is for any reason held unconstitutional such decision shall not affect the validity of the remaining portions of this law." Laws Fla. 1929, c. 13700, §§ 17, 18.

The answer of the Railroad Commission and other defendants shows that the Railroad Commissioners have so construed and applied the statute as to make it applicable to carriers for hire engaged exclusively in interstate commerce only in specific particulars, namely: That, while requiring such carrier to apply for and obtain a certificate of public convenience and necessity, the Railroad Commission recognizes that it has no discretion to refuse such certificate to an applicant to engage in exclusive interstate carriage, such certificate being granted to such an applicant as a matter of course; that such carrier is required to pay the prescribed mileage tax, to obey all statutory or authorized administrative police regulations made to govern the movement of vehicles over the highways, such as regulations reasonably adapted to conserve the state's property rights in the highways, and to protect the comfort, safety, and convenience of citizens and the traveling public on the highways, or relating to the size, weight, and type of vehicles used, or governing the speed at which vehicles may travel, or requiring a statement of routes traveled, schedules followed, and rates of charges to be filed with the Railroad Commission; that such exclusive interstate carrier be required to give bond, but such bond to provide only for the protection of third parties from injuries due to negligence of interstate operators in the use of the highways; and that, in administering the statute, the Railroad Commissioners may include in the certificate granted to such interstate carriers terms and conditions prohibiting such carriers from engaging in any intrastate business under the exclusive interstate permit, even though such intrastate carriage is based upon interstate rates and tickets, unless the Railroad Commission shall have specifically authorized such intrastate operations upon the considerations which under the statute govern intrastate operations.

It appears from an above set out provision of the statute that the lawmakers intended some, but not all, of its provisions to apply to such carriers for hire engaged exclusively in interstate commerce. It is not open to doubt that the statute contains provisions which are constitutionally applicable to an interstate carrier who makes use of the state's improved highways in carrying on his business. A certificate of public convenience and necessity, which, as required in the case of such a carrier, amounts to a permit to use the state's improved highways, grantable on application as a matter of course, is legally demandable as a prerequisite of the use of such highways for the purposes of a carrier for hire. Clark v. Poor, 274 U. S. 554, 47 S. Ct. 702, 71 L. Ed. 1199; Johnson Transfer & Freight Lines v. Perry (D. C.) 47 F.(2d) 900. Payment of the prescribed nondiscriminatory mileage tax is enforceable against such a carrier as reasonable compensation for his use of the highways. Interstate Busses Corp. v. Blodgett, 276 U. S. 245, 48 S. Ct. 230, 72 L. Ed. 551. Uniform regulations reasonably necessary for the protection of the safety and comfort of travelers on the highways used by such carrier are enforceable against him. Hendrick v. Maryland, 235 U. S. 610, 35 S. Ct. 140, 59 L. Ed. 385. Such a carrier lawfully may be required to give a bond for the protection of persons other than his passengers who may sustain injuries due to such carrier's negligence while engaged in using the highways of the state. Sprout v. City of South Bend, 277 U. S. 163, 48 S. Ct. 502, 72 L. Ed. 833, 62 A. L. R. 45. It would be superfluous to mention other provisions of the statute which are enforceable against the plaintiff.

The plaintiff is not in the position of one who has not obtained a required permit to use public highways in carrying on a business because of the imposition of unlawful conditions to the grant of such permit. He is seeking an injunction the granting of which would have the effect of enabling him to avoid compliance with valid statutory provisions which are constitutionally enforceable against him. In the circumstances disclosed, he is not entitled to the relief now applied for.

The prayer for an interlocutory injunction is denied, but without prejudice to the right of the plaintiff to seek appropriate relief if he shall hereafter be required by the Railroad Commission to comply with conditions or provisions not warranted by law.