14765

SOUTHERN FRUIT CO., INC., *ET AL.* v. PORTER *ET AL.*

(199 S. E., 537)

*Mr. Charles W. McTeer,* for petitioners,

424

*Messrs. Williams & Stewart, Tison & Miller, B. J. White* and *Spencer & Spencer,* for respondents

*Mr. P. A. Murray, Jr.,* for Town of Cheraw, 

November 4, 1938.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The six named petitioners are non-resident corporations, engaged in business as wholesalers of goods and merchandise, all having their principal places of business in North Carolina and Georgia. They filed their petition in the original jurisdiction of the Supreme Court, praying for a preliminary injunction enjoining the respondents from interfering with the business and property of petitioners, by the institution of criminal prosecutions against them, their agents or employees, under the terms of the various ordinances of the towns and cities in South Carolina which are alleged to be invalid as to them. A temporary restraining order was issued, and the respondents were directed to show cause why a permanent injunction should not be granted. The defendants made return, alleging that the license ordinances under attack are valid, and praying that the petition be dismissed and the rule discharged.

The complaining corporations are engaged in interstate commerce. Their method of doing business is to have their respective salesmen solicit orders for goods and merchandise from their customers, who are retail merchants in various cities and towns in South Carolina. When obtained, these orders are forwarded to the place of business of petitioners;

in many instances the petitioners' customers send orders direct by mail. Upon receipt of the orders the goods and merchandise are loaded upon motor trucks owned by the respective petitioners, and delivery is made from these trucks to the customers. Petitioners make no sale or delivery of goods from warehouses in South Carolin, and make no sales from the trucks.

The towns and cities of Lancaster, Rock Hill, York, Clover, and Cheraw, and other cities and towns in this State, too numerous to name, have enacted certain ordinances for the purpose of requiring the petitioners, and others similarly situated, to pay to the said cities and towns a license tax, variously designated as a tax "for the use and occupation of streets," a "delivery license tax," a "privilege tax," an "occupational tax," and a tax "for the use of streets."

The petitioners allege, among other things, that the license tax provided for in these ordinances is invalid and unlawful, in that it imposes a burden on interstate commerce engaged in by them, contrary to the Constitution of the United States, and not authorized by the laws of South Carolina.

It appears that several of the employees of the petitioners have been arrested when attempting to make delivery of goods and merchandise in the cities and towns of the State, for failure of petitioners to pay the license exacted, and that other arrests are threatened. It is alleged that the petitioners have no plain and adequate remedy at law, and that any attempt to obtain a remedy at law would involve a multiplicity of suits, and result in irreparable damage to the business of petitioners.

We shall first dispose of the issue made by the respondents, that the petitioners should pay the license tax to the various cities and towns, under protest, and resort to legal actions to recover the amount so paid. It is contended that their failure to do this precludes equitable interference. This

contention is without merit. The point was made and decided adversely in the recent case of *Southern Liquor Distributors v. Daniel,* 183 S. E., 765, 179 S. C., 219.

The petitioners contend, first, that the ordinances attacked are invalid and unenforceable as to them, under the police power, because they contain no provision for inspection or supervision of motor vehicles operating on the streets of the numerous municipalities.

The following rule, stated in 1 Dillon on Municipal Corporations, Section 89, was adopted in *Luther v. Wheeler,* 73 S. C.. 83, 52 S. E., 874, 4 L. R. A. (N. S.), 746, 6 Ann. Cas., 754, as that supported by unbroken authority: "It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers, and no others: First, those granted in express words; second those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the declared objects and purposes of the corporation—not simply convenient, but indispensable. Any fair, reasonable doubt concerning the existence of power is resolved by the Courts against the corporation, and the power is denied." *Charleston Consol. Ry. and Lighting Co. v. City Council of Charleston,* 92 S. C., 127, 75 S. E., 390.

The main contention of the respondents is that the ordinances in question are authorized by Section 7233 of the Code of 1932, which is as follows:

"Power to Enact Rules or Ordinances for Police Government.—The city councils and town councils of the cities and towns of the State shall, in addition to the powers conferred by their respective charters, have power and authority to make, ordain and establish all such rules, by-laws, regulations and ordinances respecting the roads, streets, markets, police, health and order of said cities and towns, or respecting any subject as shall appear to them necessary and proper for the security, welfare and convenience of such cities and towns, or for preserving health, peace, order and

good government within the same. And the said city or town councils may fix fines and penalties for the violation thereof, not exceeding one hundred dollars fine or thirty days imprisonment: Provided, that such rules, by-laws and ordinances shall not be inconsistent with the laws of this State * * *."

It is entirely clear that any and all ordiances enacted under this section must be in the exercise of the police power thus granted. This section which gives to the cities and towns of the State the authority to establish rules, by-laws, regulations and ordinances respecting the roads and streets of such cities and towns, carries with it the implied power to license as a means of regulation. Since the power of a municipality extends only to the safety, health, moral and general welfare of the public, an Act or ordinance imposing a license tax under the police power as a means of regulation is valid, only when it is within the limits of such power and is intended for regulation; otherwise it is invalid, as where the license tax is imposed for revenue purposes, in the guise of a police regulation. 37 C. J., page 185.

The license ordiance of the Town of Cheraw, after making provision for the payment of a graduated license upon trucks, carries a two-fold provision first, that the police department shall carefully inspect all such trucks so as to correctly determine classification; and, second, it provides that funds derived from such license taxes shall be kept in a separate account and expended only for the construction and maintenance of the paved streets of the town. We think it obvious that a cursory and superficial inspection of such trucks by the police department for the purposes of classification does not meet the rule. The ordinance neither professes nor is intended in any manner to regulate or restrict the use of trucks. Its primary purpose is to impose a license tax as revenue for the maintenance and repair of the streets and therefore it cannot be said to have been adopted in the exercise of the police power, and for this reason it is invalid.

The ordinances of the other cities and towns contain no police provision for inspection and supervision or regulation of motor traffic, but depend for their validity upon the power of exacting a license tax for the use of the streets. And this power is likewise referred to Section 7233. These ordinances are clearly designed, either to raise revenue for general corporate purposes, or to create a special fund to be devoted to maintenance and repair of streets.

The powers of a municipal corporation as to granting or requiring licenses or imposing license taxes must be strictly construed, must be exercised in strict conformity with the terms of the grant, and cannot be enlarged or extended by construction or intendment beyond the clear import of the language employed in the grant. *White v. Rock Hill*, 34 S. C., 242, 13 S. E., 416.

The right to travel on and along the streets of a city belongs to the general public. An ordinance cannot legally be made which contravenes a common right, unless the power to do so be plainly conferred by a valid and competent legislative grant. Dillon, Mun. Corp., Sec. 325. Municipalities may, of course, regulate the speed of vehicles moving along its streets, provide for proper parking, and otherwise regulate traffic conditions. The use of the public streets of a city by the public is not a privilege, but a right, and a tax for such use can be exacted only under the authority of legislative sanction. And the authority to impose a tax or to exact a license must clearly appear, and must be strictly construed. If there is a doubt as to the right to tax, it must be resolved adversely to this right. In this case there is no express power given to cities and towns of this State to impose this tax or license fee, and no implied power arises which gives the right. Cities and towns of this State cannot exercise the power of taxation for the use and occupation of streets by the traveling public, under the guise of a license or otherwise, unless such power is unequivocally conferred upon them by the legislature. When such power is clearly con-

ferred Courts have generally upheld the proper exercise thereof.

It is generally recognized that the operation of motor trucks upon streets, whether used thereon for public or private purposes, will necessarily in the course of time, impair and destroy the roadbed; and by reason of this well recognized fact, cities and towns are subjected to large expenditures of money to repair the wear and tear upon their streets. Under such circumstances there is nothing unjust or wrong should a municipality, when so empowered by the legislature, require the payment of a reasonable graduated tax imposed for the exercise of the privilege of using the streets. The legislature of this State, however, has not as yet granted this power to cities and towns. Such specific taxing power not having been conferred, any ordinance exacting a license for the use of the streets is invalid.

However, with reference to the petitioners, who are engaged in interstate commerce, such a license tax would have to be exacted as compensation for the use of the streets, and not for the privilege of doing business.

In making the tests, the Supreme Court of the United States used the following language: "As such a charge is a direct burden on interstate commerce, the tax cannot be sustained unless is appears affirmatively, in some way, that it is levied only as compensation for use of the highways or to defray the expense of regulating motor traffic. This may be indicated by the nature of the imposition, such as a mileage tax directly proportioned to the use. *Interstate Busses Corporation v. Blodgett,* 276 U. S., 245, 48 S. Ct., 230, 72 L. Ed., 551, or by the express allocation of the proceeds of the tax to highway purposes, as in *Clark v. Poor, supra,* or otherwise. Where it is shown that the tax is so imposed; it will be sustained unless the taxpayer shows that it bears no reasonable relation to the privilege of using the highways or is discriminatory. *Hendrick v. Maryland,* 235 U. S., 610, 35 S. Ct., 140, 59 L. Ed., 385; *Interstate Busses*

*Corporation v. Blodgett,* 276 U. S., 245, 250-252, 48 S. Ct., 230, 72 L. Ed., 551. Compare *Interstate Busses Corporation v. Holyoke Street Ry. Co.,* 273 U. S., 45, 51, 47 S. Ct., 298, 71 L. Ed., 530 * * *." *Interstate Transit, Inc. v. Lindsey,* 283 U. S., 183, 51 S. Ct., 380, 381, 75 L. Ed., 953. Also see *State of Missouri Ex Rel., Illinois Greyhound Lines, Inc. v. Public Service Commission,* 115 A. L. R., 1097, . . . Mo., . . ., 108 S. W. (2d), 116.

For the reasons herein expressed, we are constrained to hold that the ordinances under attack are invalid as to the petitioners The returns of respondents are adjudged insufficient, and the temporary injunction heretofore issued is made permanent.

MR. CHIEF JUSTICE STABLER and MESSR. JUSTICES BONHAM and BAKER concur. MR. JUSTICE CARTER did not participate on account of illness.