**101 So.2d 70**

### BROWN–FORMAN DISTILLERS CORPORATION

v.

### COLLECTOR OF REVENUE.

No. 43014.

Feb. 10, 1958.

Rehearing Denied March 17, 1958.

Chaffe, McCall, Phillips, Burke & Hopkins, Gibbons Burke, New Orleans, for appellant.

Robert L. Roland, Levi A. Himes, Roy M. Lilly, Jr., Philip N. Pequet, Chapman L. Sanford, Baton Rouge, for appellee.

McCALEB, Justice.

Availing itself of the remedy provided by R.S. 47:1576, appellant, a foreign corporation organized and existing under the laws of the State of Kentucky, brought this suit against the Collector of Revenue to recover State income taxes and interest amounting to $6,975 paid under protest for the fiscal years ending April 30th 1951, 1952 and 1953 respectively, which admittedly would be due by appellant, if its activities in Louisiana were such as to subject it to the Louisiana income tax.

The salient allegations of the petition are that appellant is engaged solely in interstate commerce, its business consisting of the distillation and packaging of whiskies at Louisville, Kentucky and the distribution thereof among the several states of the Union; that it ships its goods to customers in Louisiana upon orders submitted by the latter to its representatives in Louisiana who transmit said orders to Louisville where they are considered and approved or rejected; that, in the event of approval of the orders, the merchandise is shipped directly to the customer who remits payment to it at Louisville; that it does not maintain a warehouse or stock of goods in Louisiana, its activities being limited to the presence of "missionary men" who call upon wholesale dealers and who, on occasion, accompany the salesmen of these wholesalers to assist them in obtaining a suitable display of appellant's merchandise at the business establishments of said retailers and that said "missionary men" neither solicit nor accept orders from the retail dealers. It is concluded that, in view of its activities, the levying of an income tax upon appellant is contrary to the Constitution of the United States and particularly the commerce clause thereof.

The petition was filed on October 1, 1954 and no further action was taken in the proceeding until October 3, 1955, when a supplemental petition was filed for recovery of additional income taxes paid under protest amounting to $11,754.76. Thereafter, the matter remained dormant until April 17, 1956, at which time the Collector of Revenue appeared and interposed an exception of no cause or right of action. This pleading is predicated on the contention that appellant's averments relative to the interstate nature of its business does not immunize it from a tax on its net income derived from sources within this State and, further, that the facts it alleges respecting its operations fail to show that it did not owe the tax in question.

After a hearing, the exception was sustained by the trial judge and the suit dismissed. Hence this appeal.

In this Court, appellant claims that the judge erred in holding that it has derived income from sources within Louisiana for which it is subject to taxation by Louisiana and in failing to hold that the imposition of the income taxes unconstitutionally burdens interstate commerce and deprives

it of due process in violation of the Fourteenth Amendment to the United States Constitution.

During oral argument of the case, we gathered the impression that the basis for the trial judge's ruling on the exception was that the allegations of appellant's petition were insufficient to set forth a cause of action. However, we find that we were in error as an examination of the petition and the briefs filed by opposing counsel make it clear that appellant has alleged all facts pertinent to its case and the judge was evidently of the view, although he did not assign written reasons, that those facts, admitted to be true for the purpose of the exception, disclosed that appellant has no cause of action.

The long delay in bringing this cause to issue is undoubtedly attributable to the pendency in this Court during 1955 of the case of Fontenot v. John I. Hay Co., 228 La. 1031, 84 So.2d 810, which presented a very similar question with respect to the right of the State to levy a net income tax

on a foreign corporation engaged exclusively in interstate commerce. In that matter (the opinion was handed down on December 12, 1955 and a rehearing denied on January 16, 1956), it was resolved that the circumstance that a foreign corporation is engaged exclusively in an interstate business does not exempt it from the payment of State taxes assessed on the net income derived by it from sources within the State.[1]

The opinion in the Hay case fully answers appellant's argument that the levy of a tax by Louisiana on the net income derived by it from sources within this State unduly burdens interstate commerce and is, therefore, unconstitutional. That decision is founded upon pronouncements of the Supreme Court of the United States, particularly United States Glue Co. v. Town of Oak Creek, 247 U.S. 321, 38 S.Ct. 499, 62 L.Ed. 1135, Ann.Cas.1918E, 748; Interstate Busses Corp. v. Blodgett, 276 U.S. 245, 48 S.Ct. 230, 72 L.Ed. 551; Memphis Natural Gas Co. v. Beeler, 315 U.S.

1. R.S. 47:31(4) provides: "Foreign corporations shall be taxed on net income from sources within the state, as hereinafter set out".

R.S. 47: 241 reads "The net income of a nonresident individual or foreign corporation subject to the tax imposed by this Chapter shall be the sum of the net allocable income earned within or derived from sources within this state, as defined in R.S. 47:243, and the net apportionable income derived from sources in this state, as defined in R.S. 47:244, * * *".

R.S. 47:244 declares, in part, "The net apportionable income derived from sources in this state shall be computed by multiplying the total net apportionable income by the Louisiana apportionment per cent determined in accordance with the provisions of R.S. 47:245."

R.S. 47:245, subd. F and R.S. 47:246 provide the method of determination of apportionment percentage and the attribution of the gross sales within and without the state which forms the basis by which the tax or net income from sources within the state is fixed.

649, 656, 62 S.Ct. 857, 86 L.Ed. 1090, 1096, and West Publishing Co. v. McColgan, 328 U.S. 823, 66 S.Ct. 1387, 90 L.Ed. 1603, affirming by per curiam the holding of the Supreme Court of California that a foreign corporation, doing business exclusively in interstate commerce, was amendable to state taxes on net income attributable to sources within the State, wherein that court (see West Publishing Co. v. McColgan, 27 Cal.2d 705, 166 P.2d 861, 863) aptly observed:

> "It is settled by decisions of the United States Supreme Court that a tax on net income from interstate commerce, as distinguished from a tax on the privilege of engaging in interstate commerce, does not conflict with the commerce clause."

In its brief, appellant does not directly assail the ruling in the Hay case but seeks to distinguish it from the instant matter on the ground that, there, the taxpayer performed extensive services in Louisiana, maintaining an office and staff of employees in this State and using waterways for the operation of its craft.

But the circumstance that the operations of the Hay Company in Louisiana might be of greater magnitude than those of appellant furnishes no predicate for differentiation as the extent of the activity of the taxpayer within the State is of no importance in determining whether the levy is a burden on interstate commerce. On the contrary, appellant's argument respecting its lack of activity within Louisiana addresses itself more properly to its belated contention (it is not specially pleaded) that the tax herein levied deprives it of due process.

In support of its contention that the tax unconstitutionally burdens its interstate operations, appellant cites several cases involving privilege and use taxes and the recent decision of the Supreme Court of Georgia in Stockham Valves & Fittings, Inc., v. Williams, 101 S.E.2d 197. The cases involving privilege and use taxes are not apposite because of the very nature of the taxes and the Georgia case, being directly contrary to the Hays case, is, of course, not persuasive.

Nor do we find substance in appellant's contention that it does not derive income from sources within Louisiana. This point is predicated on appellant's conclusion that its salesmen in Louisiana, to whom the petition gives the appellation "missionary men", are not really salesmen because they merely take orders from local wholesale liquor dealers for the purchase of appellant's whiskies, the orders being accepted or rejected in Louisville, Kentucky thus constituting an interstate transaction. From this premise, it is professed, without force in our opinion, that the purchase of its goods by Louisiana wholesalers does not provide it with a source of income from Louisiana.

Although appellant has not specially pleaded that the imposition of an income tax upon it violates due process, we nonetheless give consideration to this claim in view of the general charge that the levy is forbidden by the United States Constitution.

Suffice it to say that the claim of violation of the Fourteenth Amendment has no merit. See International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 and West Publishing Co. v. McColgan, supra.

The judgment is affirmed.

SIMON, J., absent.

101 So.2d 193