PONDER, Justice.
 

 In this suit the plaintiff seeks to recover, under the provisions of LSA-R.S. 47:1576, a refund of income taxes paid under protest for the years, 1951 to 1953, inclusive. The lower court rejected the plaintiff’s demands and it has appealed.
 

 The suit was tried on a stipulation of facts to the effect that the plaintiff corporation was organized under the laws of Delaware with its principal place of business in St. Louis, Missouri. The plaintiff manufactures shoes and operates its offices, warehouses, and all of its business outside of the State of Louisiana. Its sole activity within this state consists of the regular and systematic solicitation of orders for its product by fifteen salesmen.
 

 The appellant contends that the Collector was without authority to levy the taxes under the provisions of LSA-R.S. 47:21 et seq. for the reasons that it violates the commerce clause and the due process clause of the Federal Constitution, in other words, that the imposition' of the tax unconstitutionally burdens interstate commerce and deprives appellant of due process. These contentions were disposed of by the trial judge in the following manner:
 

 “Rightfully or wrongfully, but most assuredly, in fact, the question pre
 
 *282
 
 sented by this suit was decided by the Supreme Court of this State contrary to the contentions of Plaintiff in the cases of Fontenot v. John I. Hay Company, (228 La. 1031) 84 So.2d 810 and Brown-Forman Distillers Corporation v. Collector of Revenue, (234 La. 651) 101 So.2d 70, 1958.” (La. Citations supplied)
 

 Appellant recognizes that the issues presented herein were decided adversely to its contention in the Hay and Brown-Forman cases but asks this Court to reconsider our holding in those cases. Appellant contends in the alternative that these cases are distinguishable from the case under consideration.
 

 From an examination of the Hay case, we find that the identical contentions raised herein were urged therein and the issues were decided adversely to appellant’s contention. Although it was not contended in the Brown-Forman case that the imposition of a similar income tax was violative of the due process clause, yet the court considered such contention and arrived at the conclusion that it was without merit, citing International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 and West Publishing Co. v. McColgan, 328 U.S. 823, 66 S.Ct. 1387, 90 L.Ed. 1603.
 

 We have reviewed the Brown-Forman and the Hay cases and find that they are decisive of the issues herein presented and feel that the conclusions reached therein^ should be affirmed. It would serve no useful purpose to reiterate the reasons upon which these conclusions were based. •
 

 For the reasons assigned, the judgment of the lower court is affirmed at the cost of the appellant.