OHIO DEPARTMENT OF TAXATION v. KLEITCH BROS., INC.

1. Taxation—Process—Courts—Judgment.
   Claim that terms of Ohio statute relative to taxation of truckers had not been complied with in that defendant trucker had not been served with process issuing out of an Ohio court prior to entry of judgment therein, based upon defendant's return, held, without merit, where Ohio statute contains no requirement that the trucker be served with such process, a summary proceeding for taxation purposes being utilized (Ohio Rev Code Ann 1958 Supp §§ 5717.02–5717.04, 5728.10, 5728.12).

2. Commerce—Interstate Commerce—Taxation—Highway Maintenance.
   A State has the right to tax interstate commerce in reasonable relationship to its use of the State's highways for the purpose of maintaining them.

3. Highways and Streets—Licenses—Taxation—Trucks.
   A trucker which applied for a license to use Ohio highways and sent its trucks over them submitted itself to the jurisdiction of that State and its highway use tax law (Ohio Rev Code Ann 1958 Supp §§ 5717.02–5717.04, 5728.10, 5728.12).

---

References for Points in Headnotes

[1, 4–6, 8] 51 Am Jur, Taxation § 980.
[2] 51 Am Jur, Taxation § 2u2 et seq.
[7] 30A Am Jur, Judgments § 880.
[10] 12 Am Jur, Constitutional Law § 705.
[11] 11 Am Jur, Constitutional Law § 125.

4. TAXATION—ENFORCEMENT OF TAX CLAIMS—COURTS—DUE PROCESS.

Proceedings to enforce tax claims, generally summary in nature, and which customarily reduce the claim to lien and execution without any judicial proceedings whatever are not invalid for lack of due process, since due process of law does not necessarily include judicial process.

5. SAME—DUE PROCESS—COURTS—HEARING.

Due process of law does not necessarily require a judicial hearing in matters of taxation, if at some stage in the proceedings the parties affected have an opportunity to be heard.

6. SAME—OHIO—TRUCKS—DUE PROCESS—COURTS.

An Ohio statute which provided all the requirements of due process with respect to the taxation of truckers which used Ohio highways and provided such requirements prior to the point where the statute called for entry of a summary judgment in an Ohio court, may not be said to be unconstitutional for lack of a judicial hearing (Ohio Rev Code Ann 1958 Supp §§ 5717-.02–5717.04, 5728.10, 5728.12).

7. JUDGMENT—COLLATERAL ATTACK—JURISDICTION.

A collateral attack may be made in the courts of this State upon the judgment of a court in another State by showing that the judgment sought to be enforced was void for want of jurisdiction in the court which issued it.

8. SAME—OHIO—JURISDICTION—HEARING—TAXATION—HIGHWAYS—TRUCKS.

A summary judgment entered by a common pleas court of Ohio was not void for lack of jurisdiction over trucker against whom it was entered for amount of taxes assessed for use of Ohio highways notwithstanding judicial hearing had not been afforded, where Ohio had jurisdiction of the taxpayer by its application for license and opportunities for administrative hearing and appeal afforded by Ohio statutes which led directly to the entry of the judgment (Ohio Rev Code Ann 1958 Supp §§ 5717.02–5717.04, 5728.10, 5728.12).

9. CONSTITUTIONAL LAW—STATES—SEPARATION OF POWERS—COURTS.

Claim that procedure which a State employed in its highway use tax law merged functions of separate branches of the government should be addressed to the courts of such State which pass on the constitutional problems of that State rather than the courts of State where resulting "judgment" is sought to be enforced.

10. STATES—FULL FAITH AND CREDIT—RECORDS.

A summary judgment, entered by an Ohio common pleas court pursuant to Ohio tax statute, even though not a "judgment"

in a judicial proceeding is, at least, a record entitled to full faith and credit by courts of this State (US Const, art 4, § 1).

11. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTITUTIONAL LAW—OHIO STATUTE.

Claim of unconstitutionality of Ohio statute, not pleaded as an affirmative defense in action by Ohio in court of this State on summary judgment entered in Ohio common pleas court pursuant to statute imposing tax on truckers using Ohio highways is not considered, since not passed upon by trial court and also because appellant has not shown any injury due to lack of such determination (Ohio Rev Code Ann 1958 Supp §§ 5712.02–5712.04, 5728.10, 5728.12).

Appeal from Wayne; Bowles (George E.), J. Submitted June 3, 1959. (Docket No. 17, Calendar No. 48,012.) Decided October 13, 1959.

Assumpsit by the State of Ohio, Department of Taxation, against Kleitch Bros., Inc., a Michigan corporation, on Ohio judgment rendered to enforce payment of delinquent highway use tax. Summary judgment for plaintiff. Defendant appeals. Affirmed.

*Snider, Feikens, Dice & Thompson,* for plaintiff.

*Matheson, Dixon & Brady,* for defendant.

EDWARDS, J. This suit represents an effort by the State of Ohio to enforce in the Michigan courts 3 tax judgments previously entered in Ohio courts against a Michigan corporation. The taxpayer, a Michigan trucking corporation, contested the suit filed in Wayne circuit court. It claimed that the Ohio judgments were void (1) because of failure to follow the Ohio highway use tax statute, (2) because the Ohio highway use tax was an unconstitutional burden on commerce, and (3) because the statute levying the tax failed to provide legal notice

of suit, thus depriving the taxpayer of due process of law. Finding against appellant on all 3 grounds, and relying upon the full faith and credit clause of the United States Constitution (art 4, § 1), the Wayne circuit court judge entered judgment. This appeal followed.

The facts which form the background for this controversy are not in dispute; and the Michigan proceedings were based on a motion for summary judgment after the taking of testimony under Michigan Court Rule No 30 (1945).

The defendant corporation applied for and received licenses to use its trucks on Ohio highways. Under Ohio law, this act made the secretary of State of Ohio its agent for "service of process or notice in any assessment, action or proceeding instituted in this State [Ohio]." Page's Ohio Rev Code Ann, title 57, Taxation, 1958 Supp § 5728.12.

Subsequently defendant received Ohio highway use tax return forms from the State of Ohio department of taxation. In 3 instances defendant corporation's accountant prepared the required reports as to the axle mileage of its trucks in Ohio and forwarded the tax returns to the Ohio department of taxation.

Although defendant filed the tax returns, it did not (then or later) pay any tax.

It is undisputed that the Ohio judgments (and the Michigan judgments based thereon totaling $11,-440.70) were arrived at by taking defendant's own estimate of tax due from these 3 reports—plus the statutory penalty provided by the Ohio statute for failure to pay by due date.

Subsequent to filing of its 3 reports, defendant was served in each instance with notice of assessment of the tax based on the amount shown on its own return. This notice of assessment was served on defendant through service on the Ohio secretary of

State, and through registered mail at its business address in Michigan.

This assessment constituted a demand for payment and included the following notice to the taxpayer:

"IMPORTANT

"This assessment is based on assessee's failure to comply with the Ohio highway use tax laws, and shall be deemed conclusive 30 days after receipt thereof if not contested.

"If the assessee wishes to contest the assessment or any portion of it, he may secure a hearing by filing with the tax commissioner within 30 days from receipt of this notice, a petition for reassessment in the form prescribed by section 5728.10 of the Revised Code. A printed form will be furnished by the department of taxation, division of sales and highway use taxes, 68 East Gay street, Columbus 15, Ohio at the request of the taxpayer.

"In addition to the filing of a petition for reassessment the assessee must post a cash or corporate surety bond satisfactory to the commissioner, in the amount of the assessment including penalty, conditioned upon payment of the tax finally determined to be due.

"If the assessment is paid in its entirety within 30 days after the date on which the notice of assessment is received by the person assessed, the tax commissioner may remit such part of the penalty as he may deem proper. Request for remission of the penalty must be filed in writing."

The section of the Revised Code referred to above made available to the taxpayer the general appeal procedure provided by Ohio statutes in tax matters (Ohio Rev Code Ann and Ohio Rev Code Ann 1958 Supp §§ 5717.02, 5717.03, 5717.04), including a hearing before the State tax board, and right of appeal therefrom to the supreme court of Ohio. In one instance appellant sought to appeal the final assess-

ment, claiming it unconstitutional as a burden on commerce. However, it posted no bond and its appeal was dismissed for that reason.

Stapled to the assessment was still another notice which informed the taxpayer:

## "Notice

"Unless the person to whom the attached order or assessment is directed pays the amount stated within 30 days after receipt thereof, or contests same in the manner provided by law, judgment will be entered in the proper county and all highway use permits issued to such person will be suspended."

On the back of the notice the applicable provisions of the Ohio highway use tax statute were printed.

The record shows that, in addition to being served on the Ohio secretary of State, these assessments and notices were actually received by defendant.

On continued failure of the taxpayer to pay, and after time for appeal had run, summary judgments were entered in the court of common pleas of Franklin county, Ohio. No summons or other notice than those referred to above were issued out of that court prior to entry of judgments.

While this litigation was pending, the constitutionality of the Ohio highway use tax was upheld against a claim that it was an unreasonable burden upon interstate commerce. A decision on this point by the Ohio State supreme court (*Geo. F. Alger Co.* v. *Bowers, Tax Commissioner*, 166 Ohio St 427 [143 NE2d 835]) was appealed to the United States supreme court. In a *per curiam* opinion, the United States supreme court refused to review the matter, finding no "substantial Federal question." *Geo. F. Alger Co.* v. *Bowers, Tax Commissioner of Ohio*, 358 US 43 (79 S Ct 21, 3 L ed 2d 43), rehearing denied 358 US 901 (79 S Ct 218, 3 L ed 2d 151).

As to appellant's claim that the procedure outlined in the statement of facts above did not comply with the terms of the Ohio statute in that appellant was not served with process issuing out of the Ohio court prior to entry of judgment, we can only answer that we find no such requirement in the statute. The statute clearly contemplates a summary proceeding and requires entry of judgment "immediately" on filing of a certificate of the final assessment by the tax commissioner. Ohio Rev Code Ann 1958 Supp § 5728.10.

We note, of course, appellant's argument that the statute should be construed as imposing a requirement of process or notice out of the court itself to save it from unconstitutionality. This really poses the same basic issue as appellant's basic claim, namely, that absent notice or process issued out of the Franklin county common pleas court defendant was deprived of due process of law. This issue we shall turn to now.

Concerning the essential validity of the tax and the reasonableness of its application to defendant, we have no doubt. Ohio certainly has the right to tax even interstate commerce in reasonable relationship to its use of Ohio highways for the purpose of maintaining them. *Geo. F. Alger Co.* v. *Bowers, Tax Commissioner, supra*; *Postal Telegraph-Cable Co.* v. *City of Richmond*, 249 US 252 (39 S Ct 265, 63 L ed 590); *Interstate Busses Corporation* v. *Blodgett*, 276 US 245 (48 S Ct 230, 72 L ed 551); *Western Live Stock* v. *Bureau of Revenue*, 303 US 250, see cases cited, p 254 (58 S Ct 546, 82 L ed 823, 115 ALR 944).

In addition, appellant by applying for a license and by sending its trucks over Ohio highways plainly submitted itself to the jurisdiction of that State and its highway use tax law. *Hess* v. *Pawloski*, 274 US 352 (47 S Ct 632, 71 L ed 1091); *Henry L. Doherty & Co.* v. *Goodman*, 294 US 623 (55 S Ct 553, 79 L ed

1097); *International Shoe Co.* v. *State of Washington,* 326 US 310 (66 S Ct 154, 90 L ed 95, 161 ALR 1057).

See, also, *Olberding* v. *Illinois Central R. Co., Inc.,* 346 US 338 (74 S Ct 83, 98 L ed 39).

The objection we now consider is based on the "due process" clause of the 14th Amendment and is addressed to a narrow—almost formalistic—point. Appellant in effect admits operating its trucks in Ohio; it admits receipt of tax forms and filling same out; it does not dispute the accuracy of the computation of the tax which was based on its own returns; it admits notice of the final assessment of the tax and its rights of hearing and appeal; it admits notice likewise of the summary procedure set forth in the Ohio statute in event of failure to pay the tax; it concedes the reason it did not pay was it did not have the money; but it now claims that the judgments entered in the Ohio court are void as to it because no process or notices issued out of the common pleas court of Franklin county prior to entry of judgments.

Proceedings to enforce payment of taxes are generally summary in nature. Indeed, in many States, including Michigan, tax claims are customarily reduced to lien and execution without any judicial proceedings whatsoever. Any objection to such proceedings based on due process has long since been overruled. *McMillen* v. *Anderson,* 95 US 37 (24 L ed 335); *Weimer* v. *Bunbury,* 30 Mich 201.

In the *Weimer Case,* Justice Cooley wrote (pp 210–212):

"In this case there has been no prosecution or suit; the county treasurer has adjudged the case without a hearing, and issued final process to seize property in enforcement of his conclusion. Such summary process, it is said, which gives the party whose property is seized no opportunity to contest the claim set up against him, cannot be due process of law.

"There is nothing in these words, however, that necessarily implies that due process of law must be judicial process. Much of the process by means of which the government is carried on and the order of society maintained is purely executive or administrative. * * * The proceedings for the levy and collection of the public revenue afford still better illustration. Almost universally these are conducted without judicial forms, and without the intervention of the judicial authority; the few cases in which statutes have required the action of courts being exceptional. Where such action is not required, the proceedings are regarded as purely administrative, and any hearing allowed to parties in their progress has not been in the nature of a trial, but as a means of enlightening the revenue officers upon the facts which should govern their action. This has been so from time immemorial, and it has never been supposed that the taxpayer had a constitutional right to resist the tax because he had never had any judgment against him on a judicial hearing to fix its amount."

The minimum requirements of due process in tax matters have been spelled out thus:

"Due process of law does not necessarily require a judicial hearing in matters of taxation. To constitute due process, the matter of assessment need not ever come before a court, if at some stage in the proceedings the parties affected have an opportunity to be heard. Taxpayers, while entitled to be heard by the taxing authorities before the tax is conclusively settled against them, need not be afforded a further appeal to a court of law. It is competent to enact that the decision of a designated board shall be final without rehearing or review." 3 Cooley on Taxation (4th ed), § 1118.

It is plain that the Ohio statute complained of herein provided all of the requirements of due process referred to above, and that it provided them prior to the point where the statute called for sum-

mary judgment to be entered in an Ohio court.  *Cf. International Shoe Co.* v. *State of Washington, supra.*

But we are told that judgment is nonetheless void because the court never acquired jurisdiction of the taxpayer in that no court process was served upon it. We, of course, recognized that collateral attack may be made in the courts of this State by showing that the judgment sought to be enforced was void for want of jurisdiction in the court which issued it. *Stewart* v. *Eaton,* 287 Mich 466 (120 ALR 1354); *Smithman* v. *Gray,* 203 Mich 317; *Farrow* v. *Railway Conductors' Co-operative Protective Association,* 178 Mich 639; *People* v. *Dawell,* 25 Mich 247 (12 Am Rep 260).

Our question then becomes:  Was jurisdiction lacking?

Ohio had jurisdiction of this taxpayer.  The taxpayer submitted to the terms of the tax statute, including its summary judgments provisions, by applying for a license and using the highways.  The taxpayer had notice of the assessment of the tax, and of the opportunities for hearing and appeal afforded by the statute.  These administrative proceedings led directly to the entry of the judgment complained of. Was the judgment nonetheless void because no special court notice or summons preceded it?

Our real difficulty with this question is due to the fact that the entry of judgment in the common pleas court of Franklin county was not really a judicial proceeding in the ordinary sense of the term.  The statute required the clerk of the court to enter judgment as a matter of course.  There was no hearing. The court exercised no discretion—made no determination.  No notice was provided for prior to entry of summary judgment because no hearing was called for or permitted under the statute at this point.

We could perhaps regard the Ohio court as having acquired jurisdiction by dint of preceding administratively issued notice. This conclusion appears warranted by the form of the statute. In fact, however, the Ohio court adjudicated nothing. It was simply designated by the statute as the place of record of a final order to pay taxes determined through administrative processes which we have held to meet the tests of due process.

In a leading case directly in point as to this question, the California supreme court said:

" ' "From all the authorities, it is evident that the State has the power to assess taxes and fix methods for the collection thereof, and it does not matter if these remedies be summary in their nature, so long as the taxpayer is in some way, at some stage of the proceedings, given an opportunity to be heard and have his rights determined before some competent tribunal.

" ' "The statute in this case directed the issuance of a distress warrant upon certain conditions made to appear to the clerk of the county court.

" ' "The statute might have prescribed that notice be given to the delinquent taxpayer before the issuance of a warrant; but the legislature did not see proper to include such a provision, and it was entirely within their power to omit it, inasmuch as the taxpayer has open to him the several methods, heretofore pointed out, of calling in question the validity of the demand made against him."

" 'Unquestionably the "first section of the Fourteenth Amendment places a limit upon all the powers of the State, including, among others, that of taxation." (*County of Santa Clara* v. *Southern Pacific R. Co.*, 18 Fed 385, 397.) But the limit in respect to the levy and collection of taxes is well exemplified by the authorities herein discussed. The conclusion to be drawn therefrom is that the provisions of section 26 of the retail sales tax act do not contravene the constitutional inhibitions upon the legislature.

The retailer knows or should know the amount of tax due on the sales reported by him. The statute provides for adequate notice of any additional assessment and an opportunity for mistakes to be rectified upon the filing of a petition within the time prescribed. He is notified by the provisions of the statute that the tax will become delinquent and collectible summarily and without further notice unless he makes objection within the specified time. Nothing further is necessary insofar as the objections raised by the defendant are concerned. No contrary significance may be inferred from the provision that a "judgment" is to be entered against the retailer upon the filing of the board's certificate, or that the lien created thereby "shall have the force, effect and priority of a judgment lien." The fact that the word " judgment" was used to designate the method of the summary procedure does not of itself require all the antecedent steps in a judicial tribunal usually applicable when private debts are the subject of collection. The foregoing authorities are clear to the effect that the sovereign may adopt any appropriate procedure known to the law for the purpose of collecting taxes and that it is not required to provide for a hearing in a judicial tribunal before it may use the processes which follow upon the entry of a judgment in such tribunal. It is plain that a hearing in a judicial tribunal was not intended and is not required by the statute here in question.  *  *  *

" 'Such a "judgment," not being ordered by a judicial tribunal, is not governed by provisions of the code of civil procedure in like matters, such as the requirement for notice of entry of judgment, with the right to resort to an appellate tribunal.' " *People* v. *Skinner,* 18 Cal2d 349, 360, 361 (115 P2d 488, 494, 495, 149 ALR 299, 308–310).

If added complaint there be about the procedure employed in the Ohio statute, on the ground that it merges the functions of separate branches of the government (see dissent, *People* v. *Skinner, supra,*

p 363), such complaint must be addressed not to this Court, but to the courts of Ohio which pass on the constitutional problems of that State. The United States Constitution, art 4, § 1, requires Michigan to give "full faith and credit" to "the public acts, records, and judicial proceedings of every other State." We deal here with an Ohio tax statute and Ohio assessments, and judgments entered thereunder in an Ohio court.

Even if we do not conceive of the Ohio "judgments" as "judicial proceedings," they plainly represent "records" of that State entered in compliance with one of its "public acts" and should be given full faith and credit. Michigan certainly has no public policy against collection of taxes which should be weighed against the unifying principle of the full faith and credit clause. See *Hughes* v. *Fetter,* 341 US 609 (71 S Ct 980, 95 L ed 1212).

Appellant seeks also to present a belated contention that the Ohio statute violated due process by requiring posting of bond prior to hearing and appeal of the assessments. This falls on 2 grounds. First, it was not pleaded as an affirmative defense before, nor considered or decided by, the Michigan court below. *Krause* v. *Faulkner,* 318 Mich 422; *Fowler* v. *McQuigg,* 222 Mich 178; *Auditor General* v. *Chase,* 132 Mich 630. Second, although appellant has in many ways disputed Ohio's right to levy this tax, there is no showing in this record that it has ever asserted any meritorious grounds for appeal of the assessments. We decline to decide a constitutional question not properly raised below where it is plain that appellant has suffered no injury from the statutory provisions complained of.

Affirmed. Costs to appellee.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Voelker, and Kavanagh, JJ., concurred.