In the Matter of CENTRAL GREYHOUND LINES, INC., OF NEW YORK, Petitioner, against CARROLL E. MEALEY et' al., Constituting the State Tax Commission, Respondents.

Third Department, November 10, 1943.

*Bond, Schoeneck & King*, attorneys (*Lyle Hornbeck* of counsel), for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, First Assistant Attorney-General* and *John C. Crary, Jr., Assistant Attorney-General*, of counsel), for respondents.

BLISS, J. The facts are undisputed. Petitioner, a New York corporation, is a utility engaged in the business of a common carrier by omnibus subject to the supervision of the New York State Department of Public Service. A portion of its business consists of transporting passengers from points in New York State to destinations in New York State over routes which lie in part in an adjoining State or States.

Section 186-a of the Tax Law imposes an emergency tax equal to two per cent of its gross income upon every utility doing business in this State which is subject to the supervision of the State Department of Public Service, having an annual gross income in excess of $500. The words " gross income " are defined by this statute to " mean and include receipts received in or by reason of any sale   *   *   *   made or service rendered for ultimate consumption or use by the purchaser in this state   *   *   *  ".

The petitioning utility contends first that its business of transporting passengers between termini, both of which are in New York State over routes which lie in part in an adjoining State or States, is not the rendering of service for ultimate consumption or use by the purchaser in this State. It argues further that if receipts from the sale of utility services for use partly within and partly without the State are taxable under section 186-a when the journey originates and terminates in New York State, then the tax must be limited to the revenue attributable to the mileage in New York State, otherwise the statute is unconstitutional and a violation of the interstate commerce provision of the Federal Constitution.

It is to be noted first that the emergency tax imposed by section 186-a is laid upon the utility for the privilege of doing business within New York State. It is measured by the gross income of the utility received in or by reason of any sale made or service rendered for ultimate consumption or use by the purchaser in this State. The tickets entitling the passengers for the journeys here in dispute are apparently all sold and payment therefor received within New York State. The journeys contracted for begin and end in this State. Similar journeys of freight or passengers have been held not to be interstate commerce. (*Lehigh Valley Railroad* v. *Pennsylvania*, 145 U. S. 192; *Cornell Steamboat Co.* v. *Sohmer*, 235 U. S. 549.) It is a mere incident of a continuous journey between two points within New York State if a portion of the journey happens to lie within an adjoining State. What the passenger desires and the utility contracts to furnish is transportation from one point in New York State to another point in this State. His principal object is transportation between the termini. It is a matter of geography if physical or other reasons impel the utility to follow a route partly through another State. It is a service rendered to the purchaser in this State. If the journey were made in two or more distinct parts with definite interruptions in another State so that it composed two or more journeys instead of one, the situation would be quite different. The income received from the services here in question comes within the statutory definition of gross income.

In the light of the Federal decisions we see no merit to the contention of petitioner that section 186-a of the Tax Law as above construed is a violation of the interstate commerce clause of the Federal Constitution. As stated above, this kind of transportation is not interstate commerce. (*Cornell Steamboat Co.* v. *Sohmer*, 235 U. S. 549; *Lehigh Valley Railroad* v. *Pennsylvania*, 145 U. S. 192.)

Finally, this is a tax against a certain corporation for the privilege of doing business in New York State. It is measured by its gross income. Consequently it is not a burden upon the particular business here sought to be exempted.

The determination should be in all respects confirmed, with fifty dollars costs and disbursements.

All concur.

Determination in all respects confirmed, with fifty dollars costs and disbursements.