In the Matter of PUBLIC SERVICE COORDINATED TRANSPORT, Petitioner, against STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondent.

Third Department, December 10, 1958.

*Harold J. Drescher* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Edwin R. Oberwager* and *Paxton Blair* of counsel), for respondent.

REYNOLDS, J. This is a proceeding under article 78 of the Civil Practice Act to review a determination of the State Tax Commission which denied petitioner's application for a refund of taxes and penalties imposed upon it pursuant to section 186-a of the Tax Law. It was transferred here from the Supreme Court, Albany County, pursuant to section 1296 of the Civil Practice Act.

The taxes and penalties were imposed upon Public Service Interstate Transportation Company the petitioner, Public Service Coordinated Transport, being the successor in interest, for the period from July 1, 1951 to November 31, 1951. The petitioner, as was its predecessor in interest, is a New Jersey corporation engaged in the operation of buses. During the period in question it had 24 regular interstate bus routes over which passengers were transported between points outside the State and points in the State and one route between points in the State but passing through New Jersey. It also had an inter-

state charter service. It is admitted that the petitioner was engaged exclusively in interstate commerce.

The tax was imposed pursuant to section 186-a of the Tax Law which was amended in 1951 to include omnibus carriers involved in interstate commerce. The tax formula is 2% of the gross operating income of the taxpayer and in regards to interstate carriers such as petitioner applies to its receipts allocated and apportioned on the basis of mileage within and without the State.

The petitioner contends that the statute imposes a tax on omnibus carriers operating exclusively in interstate commerce for the privilege of doing business in New York and it is therefore repugnant to the commerce clause of the Federal Constitution. The commission argues that the tax as apportioned is valid under the decision of the Supreme Court in *Greyhound Lines* v. *Mealey* (334 U. S. 653) and also that it is valid as a tax for the use and maintenance of the highways of the State.

The question presented here is the constitutionality of section 186-a of the Tax Law as applied to omnibus carriers involved exclusively in interstate business. In the *Greyhound* case (*supra*) the constitutionality of 186-a prior to the 1951 amendment was presented to the Supreme Court and it was held that a gross receipts tax on interstate transactions levied against a domestic corporation could not be upheld unless it was apportioned. It was not there decided that such a gross receipts tax if apportioned could be validly imposed upon omnibus carriers engaged exclusively in interstate commerce. The Supreme Court has subsequently held similar taxes measured by the gross receipts or net income attributable to business within the State and imposed on corporations engaged exclusively in interstate commerce to be invalid as a tax for the privilege of doing business within the State (*Spector Motor Service* v. *O'Connor*, 340 U. S. 602; *Railway Express Agency* v. *Virginia*, 347 U. S. 359). However, in both those cases the State Legislature had clearly labeled the tax as being for the privilege of doing business within the State and in the *Spector* case (*supra*) the State court had held it to be such a tax. In the *Railway Express* case (*supra*) the State court attempted to uphold the tax as a property tax levied on the going concern value as measured by the gross income and the Supreme Court said this was not a sound measure of a going concern value and in practical effect it was what the Legislature had labeled it — a tax for the privilege of doing business in the State. Thus if the tax herein involved is such a tax it must be struck down.

The commission argues that the tax here involved is one for the use and maintenance of the highways of the State. It is beyond question that a State may impose a tax on carriers engaged exclusively in interstate commerce for their use of the State's highways and thereby compel them to pay their fair share for the maintenance of the highways (*Interstate Busses Corp.* v. *Blodgett,* 276 U. S. 245; *Capitol Greyhound Lines* v. *Brice,* 339 U. S. 542; *Aero Transit Co.* v. *Board of R. R. Comrs.,* 332 U. S. 495). The question to be determined then is whether section 186-a is a tax for the use of the highways and if it is not it makes no difference that a similar tax could have been imposed for such a purpose. As the Supreme Court stated in the *Spector* case (*supra,* p. 608): " Even though the financial burden on interstate commerce might be the same, the question whether a state may validly make interstate commerce pay its way depends first of all upon the constitutional channel through which it attempts to do so."

The petitioner points out that this court when confronted with section 186-a in *Central Greyhound Lines* v. *Mealey* (266 App. Div. 648, 650) construed the tax to be one for the privilege of doing business in New York. At that time, before the 1951 amendment, the section applied only to domestic corporations and it was unnecessary to consider it as anything else but a privilege tax. It is very significant to note the memorandum prepared by the commission supporting the 1951 amendment to section 186-a which it had drafted. It was there stated that omnibuses were exempt from the highway use tax under article 21 of the Tax Law and that, therefore, the amendment to section 186-a was proposed so that omnibuses engaged in interstate commerce would pay a part of the expenses of maintaining the highways. (N. Y. State Legis. Annual, 1951, pp. 291, 296.) The New York highway use tax was enacted in 1951 and inasmuch as domestic omnibus corporations were already taxed under section 186-a it was entirely consistent to exempt all omnibuses from the coverage of article 21 and to amend section 186-a so that all omnibus carriers were covered. It is clear that the purpose of the amendment was to have all omnibus carriers pay their share for the use of State highways and the tax should therefore be sustained as such.

The petitioner argues that the presence of the phrase " regardless * * * of whether use is made of the public streets ", in the definition of " utility " in section 186-a precludes the tax from being one for the use of the highways. However, it is clear these words have no application to the tax as applied to interstate carriers as the petitioners inasmuch

as the tax is apportioned on the basis of mileage within and without the State. Thus if there were no use of the public streets there would be no tax.

The petitioner also argues that a 1956 amendment (L. 1956, ch. 680) to section 186-a which relieved smaller bus companies from the operation of the section supports its argument that the tax is a privilege tax inasmuch as if the tax were a highway use tax the amendment would render the tax unlawfully discriminatory. Regardless of whether that is the effect of the 1956 amendment, no such alleged discrimination existed during the period for which the taxes involved were collected and it does not prevent us from attributing that legislative purpose to the 1951 amendment which it clearly had, viz., to require interstate omnibus operations to pay part of the expenses for the maintenance of State highways.

Determination of the commission should, therefore, be confirmed.

FOSTER, P. J., BERGAN, GIBSON and HERLIHY, JJ., concur.

Determination confirmed, with $50 costs.